# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10873

United States Court of Appeals
Fifth Circuit

**FILED**

June 8, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ZACHARY MARSHALL ZIBA,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:15-CR-9-1

Before REAVLEY, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

The judgment of the district court is affirmed, supported clearly by the law and evidence.

Defendant Zachary Ziba caused the Southwest flight from Denver to Dallas to divert and land at Amarillo. He refused to stay in his seat and obey the instructions of the veteran flight attendant. He was belligerent, shouting loudly with obscenity, and said people would be sorry and what the attendant

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonably understood to be threats to the safety of the aircraft and passengers.

Defendant was charged with the crime of intimidating a flight attendant to interfere with the performance of the attendant's duties. 49 U.S.C.A. § 46504. A jury found him guilty.

Defendant's defense is that he did not knowingly interfere or intend to threaten. He argues that he was not guilty of either general or specific intent. He relies on *Elonis v. United States*, 135 S. Ct. 2001 (2015) where the Court required specific intent to transmit in interstate commerce "any communication containing any threat … to injure the person of another." The mental state required there is not in the crime here. The Fifth Circuit has held that Art. 46504 is a crime of general intent where conduct can prove guilt. *United States v. Hicks*, 980 F.2d 963 (5th Cir. 1992). This defendant was well aware of his conduct and talk, interfering with the crews and attendants and requiring the flight to be diverted.

AFFIRMED.